[No. D019854. Fourth Dist., Div. One. Feb. 9, 1994.]

KATHY F. McDONALD, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
BECHTEL CONSTRUCTION CO. et al., Real Parties in Interest.

COUNSEL

William C. Halsey and Roger Y. Muse for Petitioner.

No appearance for Respondent.

Thelen, Marrin, Johnson & Bridges, Charles S. Birenbaum and Bruce J. Berrol for Real Parties in Interest.

OPINION

**TODD, J.**—We are presented with the question whether the court abused its discretion when it ordered all discovery disputes be heard by a private referee with the parties to split the fees equally. Because we conclude the court failed to properly consider the economic impact its order might have on a party claiming she was unable to pay the fees and continue with the litigation, we grant the petition.

## BACKGROUND

Kathy F. McDonald (McDonald) sued her former employer, Bechtel Construction Co. (Bechtel), for unlawful employment practices. McDonald moved to compel further responses to a demand for production of documents. On its own motion, the court referred the motion and all further discovery disputes to a Judicial Arbitration & Mediation Services Inc. (JAMS) referee, with the parties to share the expenses equally. The court retained jurisdiction to award costs at time of trial.

McDonald moved to "renew" her motion arguing the court had exceeded its authority in referring the discovery matters to a private referee. In support of the renewal motion McDonald filed a declaration under penalty of perjury that she was "unable to afford *any* costs with JAMS, as [she was] currently homeless and trying to find employment . . . ." She further declared she was "without any source of income whatsoever," "unable to pay rent" and "forced to stay at friends' houses." She concluded that if she was forced to currently pay the referee costs she would be unable to prosecute the lawsuit.

The court found no merit to McDonald's contention it had exceeded its authority and granted sanctions requested by Bechtel against McDonald's counsel. The court found that McDonald had "not submitted any competent evidence compelling [it] to order the burden of discovery fees to be borne by defendant, rather than equally between the parties." The court further ordered that "the referee shall make a recommendation to the Court regarding

the allocation of costs" and that "[u]ntil the Court orders otherwise, costs will be borne equally between the parties."

These proceedings ensued. McDonald requests this court to issue a writ directing the trial court to vacate its orders of June 23, 1993, and September 2, 1993, and to enter a new order causing the determination of discovery disputes to be conducted in a fair and reasonable manner as set forth in Code of Civil Procedure section 645.1. Alternatively, McDonald requests a writ issue directing the trial court to vacate the portion of the orders allotting one-half of the referee's fees to McDonald and to enter a new order allocating the fees entirely to Bechtel. This court issued an order to show cause why the relief requested should not be granted and scheduled oral argument. Discovery and trial were stayed.

DISCUSSION

I

Under Code of Civil Procedure sections 639, subdivision (e), and section 645.1, a court has discretion to appoint a referee to hear and determine discovery motions and to apportion the payment of the referee's fees among the parties in any manner determined by the court to be "fair and reasonable."[1] *Solorzano* v. *Superior Court* (1993) 18 Cal.App.4th 603 [22 Cal.Rptr.2d 401] (*Solorzano*), recently addressed the application of these sections to plaintiffs proceeding in forma pauperis.

In *Solorzano* the trial court referred discovery matters to a private referee who charged $300 per hour, with the fees to be split equally by the parties. (*Solorzano*, *supra*, 18 Cal.App.4th at pp. 610-611.) The in forma pauperis plaintiffs petitioned the Court of Appeal for a writ of mandate relieving them of the obligation to pay the referee fees.

The Court of Appeal noted that the reference statutes did not provide for indigent litigants proceeding in forma pauperis. It reasoned that no allocation

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Section 639 states, in pertinent part: "When the parties do not consent, the court may, upon the application of any party, or on its own motion, direct a reference in the following cases: [¶] . . . [¶] (e) When the court in any pending action determines in its discretion that it is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon."

Section 645.1 states: "The court may order the parties to pay the fees of referees who are not employees or officers of the court at the time of appointment, as fixed pursuant to Section 1023, in any manner determined by the court to be *fair and reasonable*, including apportionment of the fees among the parties." (Italics added.)

Section 1023 states: "The fees of referees are such reasonable sum as the court may fix for the time spent in the business of the reference; . . ."

of fees which imposed a monetary burden on such litigants, who by definition could not pay court-ordered reference fees, could achieve the fair and reasonable goal set forth in section 645.1. Therefore, the court held section 645.1 did not constitute authority for the trial court to appoint a privately compensated discovery referee. (*Solorzano, supra*, 18 Cal.App.4th at p. 615.) The court concluded the trial court must find a fair means to resolve discovery disputes, considering the financial status of the parties. (*Id.* at p. 616.) Some potentially appropriate alternatives referenced by the court were appointment of a pro bono referee or retired judge sitting by assignment or retention of the matter by the trial court. (*Ibid.*)

In dicta the Court of Appeal also discussed the dilemma presented by a "party of modest means" who is not proceeding in forma pauperis. The court concluded it was incumbent on trial courts to consider the economic impact its reference order would have on such parties and differentiate between those motions that could be retained by the court and those that were appropriate for reference. (*Solorzano, supra*, 18 Cal.App.4th at p. 615.)

■ McDonald contends the trial court abused its discretion by failing to consider the financial impact of its reference order on her. Alternatively, McDonald argues that even if the court considered her financial status, it erred in allocating payment of any fees to her because her declaration showed she was equivalent to an in forma pauperis plaintiff. In response, Bechtel argues McDonald has not proceeded in forma pauperis below and cannot seek in forma pauperis status for the first time on this writ of mandate. Bechtel further argues the trial court considered McDonald's financial condition and modified its reference order to require the referee to make a recommendation regarding the allocations of costs. According to Bechtel, the court's order therefore met *Solorzano*'s requirement to consider the economic impact a reference order will have on the parties.

II

With respect to the claim she is equivalent to an in forma pauperis party, McDonald argues the evidence contained in her declaration would have justified the court granting such status under Government Code section 68511.3. Under the provision relied upon, the court has discretion to allow a litigant to proceed in forma pauperis if the litigant is unable to proceed with the litigation without using money required for the necessities of life. (Gov. Code, § 68511.3, subd. (a).) She argues her declaration demonstrates she cannot afford the necessities of life and implies she should be entitled to the treatment afforded to in forma pauperis plaintiffs in *Solorzano*.

We disagree. McDonald's declaration does not equate to the procedure required to obtain in forma pauperis status which, inter alia, requires submission of a financial statement including a listing of assets, imposes a duty

to report changed financial circumstances and may subject the applicant to court examination. (See Gov. Code, § 68511.3, subds. (a), (c); Cal. Rules of Court, rules 985, 982 (a)(17), Judicial Council of California's Application for Waiver of Court Fees and Costs (In Forma Pauperis).) McDonald's declaration simply does not contain the detail required by the in forma pauperis procedure. Nor is it subject to the same safeguards. For whatever reason, McDonald has chosen not to seek in forma pauperis status. She cannot now claim she "by definition" is unable to pay reference fees as is the case with in forma pauperis litigants. (See *Solorzano, supra,* 18 Cal.App.4th at p. 615.)

## III

Notwithstanding McDonald's lack of in forma pauperis status, the questions remain whether the court was required to consider McDonald's financial condition as set forth in her declaration in making its decision and, if so, whether it did consider her financial condition and properly changed its reference order as claimed by Bechtel.

The initial order referring discovery matters to JAMS for resolution with costs to be borne equally by the parties was made on the court's own motion, apparently without information on McDonald's financial status. In her motion to renew, McDonald raised her financial condition and its impact upon her ability to pursue the litigation if she were required to pay referee fees. At that time the court had before it her declaration signed under penalty of perjury setting forth severe financial problems and claiming present payment of referee fees would preclude her from prosecuting the lawsuit. On its face, McDonald's declaration demonstrates "a party of modest means" referred to in *Solorzano.*

McDonald claims referee fees are $300 an hour. The figure is consistent with this court's experience which indicates expenses for discovery dispute resolution can be substantial. As stated in *Solorzano* in discussing in forma pauperis plaintiffs: "Fees of $200 to $300 per hour charged by privately compensated discovery referees allow affluent litigants to avoid discovery compliance by pricing enforcement of legitimate discovery demands beyond the means of indigent plaintiffs. This advantage based on wealth flows directly from the trial court's order imposing equal division of fees between indigent plaintiffs and an adverse litigant of far superior financial means." (*Solorzano, supra,* 18 Cal.App.4th at p. 614.) The same policy considerations apply where one party has financial resources far superior to an opposing party who, while not proceeding in forma pauperis, has clearly limited financial means.

We recognize the Legislature, through providing for discovery disputes to be referred to paid referees, intended to reduce the extensive burden on trial

courts occasioned by discovery disputes. However, the interests of the court in reducing its workload must be balanced against the economic hardship imposed on litigants. It was therefore incumbent upon the trial court to consider the financial impact of a reference on McDonald in determining how fees should be paid in a fair and reasonable manner consistent with section 645.1.

■ Bechtel presents a two-pronged argument that the court complied with the requirements of section 645.1 and *Solorzano*. First, it contends the court considered the financial impact on McDonald and changed its reference order accordingly to have the referee make a recommendation to the court regarding the allocation of costs. Bechtel misses the point. It is not the referee's responsibility to determine how fees should be allocated. By statute it is the court's responsibility to determine what manner of payment is fair and reasonable to the parties. (§ 645.1.) Moreover, to order the parties to bear fees equally until a referee recommends an allocation of fees and the court acts to change its order, at least in the short run, requires the "modest means" litigant to pay the very fees it claims it cannot pay.

Bechtel additionally argues the court is only required to consider economic impact of its order and that the burden of showing an abuse of discretion is on McDonald. By reference to McDonald's course of conduct in discovery, Bechtel argues the court concluded McDonald's declaration was not credible and the court was well within its discretion in allocating the fees as it did. We find no support in the court's order for Bechtel's position. The court made no reference to the declaration not being credible. The court's only reference to the evidence presented was the court's statement no "competent evidence" was submitted to compel the court to order discovery fees be borne by Bechtel rather than equally by the parties.

Affidavits are generally not competent evidence unless provided by statute. However, section 2009 specifically provides for the use of affidavits in connection with motions. (See generally, 1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 831, pp. 790-792; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 29, pp. 345-346.) McDonald's personal declaration under penalty of perjury as to her financial condition and its impact on her ability to proceed with the litigation was competent evidence. The court abused its discretion by its apparent failure to consider it in determining how discovery disputes should be handled.[2] We hold that whenever the issue of economic hardship is raised before the commencement of the referee's work, the referring court must determine a fair and reasonable apportionment of reference costs before issuing its order.

---

[2] In determining the evidence was competent, we express no opinion as to the credibility of the evidence, which is left to the sound discretion of the trial court upon remand.

## DISPOSITION

Let a writ of mandate issue directing the court to vacate its orders allocating the referee fees equally between the parties and to enter a new order consistent with the views expressed in this opinion. The stay of discovery and trial is vacated.

Kremer, P. J., and Huffman, J., concurred.