[No. B092526. Second Dist., Div. Four. Jan. 17, 1996.]

JOSEFA DeBLASE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HOFFMAN BROTHERS, INC., Real Party in Interest.

## COUNSEL

Watkins & Stevens, Steven B. Stevens, Mazursky, Schwartz & Angelo and Arnold W. Schwartz for Petitioner.

No appearance for Respondent.

Edmund G. Farrell III and Murchison & Cumming for Real Party in Interest.

## OPINION

**KLEIN (Brett), J.\***—Josefa DeBlase petitions for a peremptory writ of mandate after the trial court referred a discovery motion to a private referee over her objection that she could not afford to pay any portion of the referee's fee.

Petitioner was injured at work while using a power press. She received workers' compensation benefits and sued both the distributor and the manufacturer of the press.

Hoffman Brothers, Inc., an Illinois firm, was the distributor. J. Sandt Aktiengesellschaft, a German firm, was the manufacturer. In 1970 Sandt had sold the press to Hoffman, F.O.B. Hamburg.

Hoffman answered petitioner's complaint. Sandt specially appeared to contest personal jurisdiction. Petitioner obtained a continuance of the hearing to undertake discovery concerning the jurisdiction issue.

Petitioner served documents requests on both defendants. She asked for all purchase orders, invoices, bills of lading, catalogs, advertisements, and

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.

correspondence related to Sandt power presses of any model, anywhere in the world, for a 28-year period.

Hoffman objected to these requests as broad, vague, ambiguous, irrelevant, burdensome, and oppressive; it produced nothing. The usual ensuant exchange of rude letters was unfruitful. Petitioner filed a motion to compel further responses. At the hearing, the trial court asked the parties' views on a reference. Petitioner's counsel said, "my client can't afford a discovery referee." Petitioner agreed that the discovery dispute would require considerable study. Petitioner suggested the trial court postpone the hearing until it could find the necessary time. She also alerted the court that a similar motion to compel, brought against Sandt, was scheduled in the same court in three weeks. Hoffman said it had no doubt that petitioner lacked funds, but argued the unfairness of shifting the burden of petitioner's litigation costs to the defense just because the latter was better financed.

The court ruled that it would appoint a referee, with the amount and apportionment of fees to be determined by the court after hearing the referee's recommendation in that regard.

This petition followed. We invited oral argument because of the importance to litigants and the bar of this recurring problem.

## I.

We will review the applicable statutes, rules, and cases. Government Code section 68511.3 directed the Judicial Council to adopt uniform rules of court for litigants proceeding in forma pauperis. Such rules must protect the confidentiality of the financial information provided to the court by these litigants.

The result was California Rules of Court, rule 985. It provides that every litigant granted leave to proceed in forma pauperis is excused from paying clerk's fees for filing, issuance of process, photocopying, and certain other items. (Rule 985(i).) It provides that the court may decide to waive certain additional fees, such as jury fees and fees of court-appointed experts. (Rule 985(j).)

Code of Civil Procedure section 639, subdivision (e), empowers the court, acting with or without the parties' consent, to appoint a referee to hear discovery disputes and report findings and recommendations to the court. Sections 645.1 and 1023 authorize the court to determine the referee's fee and to order the parties to pay it "in any manner determined by the court to

be fair and reasonable, including an apportionment of the fees among the parties."

California Rules of Court, rules 244.2(a) and 244.2(e)(4) restate the superior court's obligation to determine the fee allocation and authorize the court to consider the referee's recommendation thereon. Rule 532.2 does the same for municipal courts.

There are two cases. In *Solorzano* v. *Superior Court* (1993) 18 Cal.App.4th 603 [22 Cal.Rptr.2d 401], the three plaintiffs had been granted leave to proceed in forma pauperis. The trial court, at the time of the discovery reference, ordered the parties to share the fee equally, over plaintiffs' objection. Later, when informed of the availability of a highly qualified referee to serve pro bono, the trial court did not relent. The Court of Appeal ruled that because requiring an indigent litigant to pay part of a referee's fee is not "fair and reasonable" within the meaning of Code of Civil Procedure section 645.1, the trial court must find another means to resolve the discovery dispute. It suggested a trial court facing such a situation handle the dispute itself without assistance, or appoint a referee willing to serve without compensation or a retired judge sitting on assignment (and paid by the public).

In *McDonald* v. *Superior Court* (1994) 22 Cal.App.4th 364 [27 Cal.Rptr.2d 310], a plaintiff, though not proceeding in forma pauperis, pronounced herself penurious under penalty of perjury. The trial court ordered that the parties bear the referee's fee equally, subject to readjustment after it received the referee's recommendation thereon. The Court of Appeal held the trial court abused its discretion by failing to consider plaintiff's impecuniousness in making its order. It directed the trial court to consider, in determining how the referee's fees should be paid, the financial impact on the plaintiff. It said it was holding "that whenever the issue of economic hardship is raised before the commencement of the referee's work, the referring court must determine a fair and reasonable apportionment of reference costs before issuing its order." (22 Cal.App.4th at p. 370.)

## II.

▮ We will address some of the questions *Solorzano* and *McDonald* left unanswered.

First, in considering a litigant's indigence in connection with a possible discovery reference, a trial court has the flexibility, if it wishes, to accept counsel's representations, without requiring a written or spoken declaration,

documentary evidence, or an application to proceed in forma pauperis, unless the court has reason to suspect the representations are inaccurate. Certainly, if counsel has reason to anticipate that a reference may be contemplated, counsel should bring a declaration to court. But the court is not required to insist on formal proof of indigence if it is convinced such proof is unnecessary, for every needless continuance of a discovery hearing inflicts unwarranted delay, inconvenience, and expense on the court and the parties. (See *Solorzano* v. *Superior Court, supra,* 18 Cal.App.4th at p. 615 [courts should be mindful of the economic burden of references on nonindigent parties of modest means].)

■ Second, in those cases where a party claims indigence, a trial court should be prepared to devote more of its own time studying the merits of a discovery dispute than it otherwise would. This approach will help assure access to the judicial process, as well as addressing a public perception that discovery disputes are sometimes referred automatically, without due evaluation of the necessity for the reference and its impact on the parties. (*Solorzano* v. *Superior Court, supra,* 18 Cal.App.4th at p. 615; see Beaudet *Litigation Section Survey on Los Angeles Superior Court References* (Winter 1994) Los Angeles County Bar Association Litigation Section Newsletter.) Certain patterns of discovery disputes are especially appropriate for references, such as claims of privilege requiring sifting through numerous documents, depositions requiring the presence of a neutral presiding officer, ongoing discovery disputes; and cases where all parties desire a reference. On the other hand, many discovery disputes, on modest examination, prove more voluminous than complex, and these should not routinely be sent to private referees.

Third, in this connection, a court should consider whether factors apart from the merits may simplify the task of deciding the discovery motion properly. In the present case, for example, two such factors warranted the court's attention. Petitioner's motion to compel Sandt to produce the same documents was already pending, so it might have been expedient to postpone action on the Hoffman motion in order to hear and decide the two motions together. Also, a cursory inspection of the motion would have revealed that the parties had made no serious informal attempt to discuss whether Hoffman might be willing to produce some documents without court intervention. (See Code Civ. Proc., § 2031, subd. (*l*) [every motion to compel must be accompanied by a declaration stating facts showing the moving party's reasonable and good faith attempt at an informal resolution of the issue].)

Fourth, in exercising its discretion how to handle a discovery dispute in which a reference appears appropriate, a court may legitimately consider the extent to which the indigent litigant's expenses are being advanced by

counsel. This arrangement is commonplace in public-interest litigation (e.g., *Solorzano*) and contingent-fee litigation (e.g., *McDonald*). If counsel is advancing litigation expenses, an avowal of the litigant's indigence may be viewed as nothing more than a request that the court minimize counsel's out-of-pocket expenses. (See Rules Prof. Conduct, rule 4-210(A)(3).) It must also be recognized that information is protected by the attorney-client privilege and is not subject to consideration unless it is voluntarily provided. (Evid. Code, § 954.) It should also be remembered that ultimately, the entire referee's fee will, like other recoverable costs, be borne by the losing party. (*Most Worshipful Lodge* v. *Sons etc. Lodge* (1956) 140 Cal.App.2d 833, 835 [295 P.2d 912].)

Fifth, a court cannot order "waiver" of a referee's fee, not even in favor of a litigant granted leave to proceed in forma pauperis. A referee is a private person who cannot be required by a court to serve without compensation, and a referee's fee is not an item that can be waived under California Rules of Court, rule 985(i) or (j) or Government Code section 68511.3. (The rule refers to "court fees and costs"; the statute provides for their possible later repayment "to the county.") For the same reason, an allocation of the referee's entire fee to the nonindigent party cannot be justified by calling it a fee waiver in favor of the indigent party. (*Solorzano* v. *Superior Court*, *supra*, 18 Cal.App.4th at p. 614 [court cannot order waiver of fees owed a privately compensated discovery referee].)

Sixth, a court should consider, based on the limited information available to it at the time, the extent to which an unequal tentative allocation of the referee's fee is just or unjust. For example, in the present case, the purpose of petitioner's discovery motion was to obtain documents supporting petitioner's litigation against Sandt, not Hoffman. A court might deem it unjust to require Hoffman to subsidize this effort by bearing more than half the referee's fee. (Cf. *Solorzano* v. *Superior Court*, *supra*, 18 Cal.App.4th at p. 612 [defendant should not be forced to finance resolution of discovery disputes arising from plaintiffs' efforts to expand the scope of the litigation to encompass additional parties].)

Seventh, before ordering the nonindigent party provisionally to bear more than half of a referee's fee, a court should consider the inappropriateness, as a general proposition, of a court's requiring one litigant to subsidize another merely because the latter needs a subsidy.

Eighth, a court cannot defer facing the allocation problem until after the referee has made a recommendation (*McDonald* v. *Superior Court*, *supra*, 22 Cal.App.4th at p. 370), because by that time a fee has been earned and must

be paid. The court should make a provisional fee allocation order, subject to readjustment after the referee returns a report and recommendation. The court cannot automatically make an equal provisional allocation without considering the appropriate factors and exercising its discretion. (*Ibid.*)

Ninth, a court may wish to consider, in addition to the cost-free alternatives suggested in *Solorzano*, working out arrangements to transfer appropriate discovery disputes to another amenable judicial officer, such as a superior court commissioner, a temporary judge, or a judge of the municipal court under a trial court coordination plan. (Gov. Code, § 68112.)

Nothing in this opinion should be construed as requiring a court to squander judicial resources entertaining interminable arguments about references in cases where a party claims indigence. In this regard, we are not imposing on a trial court any duty to explain the details of its exercise of discretion, nor even to announce in conclusory fashion that it has reviewed the law, weighed all appropriate factors, and exercised its discretion. Rather, the trial court will be presumed to have done so, in the absence of a showing to the contrary.

### III.

We now apply these principles to the case before us.

Petitioner's counsel professed her indigence, and Hoffman did not disagree. Accordingly, it was appropriate to consider, not ignore, the indigence problem.

Our analysis ends with the second and third steps, however. Petitioner's discovery motion did not raise complex or time-consuming issues of a degree sufficient to warrant appointment of a referee to resolve them. Neither the documents request nor the response was voluminous or complicated. Petitioner had not seriously attempted an informal resolution. A related motion directed against Sandt, which was the more directly involved party, was coming on for hearing shortly. Under all these circumstances, and knowing that petitioner claimed indigence, the trial court should not have ordered a reference. It should have taken the motion under submission and decided it. If it chose, it could have kept the motion under submission until the related Sandt motion was heard.

Let a peremptory writ of mandate issue, directing respondent court to vacate its order of March 10, 1995, appointing a discovery referee, and to

take further proceedings consistent with this opinion. Each party to bear its own costs of this writ proceeding.

Vogel (C. S.), Acting P. J., and Hastings, J., concurred.