[No. B129315. Second Dist., Div. One. May 24, 1999.]

MARCUS M. HOOD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SEARS, ROEBUCK & CO., Real Party in Interest.

**COUNSEL**

Marcus M. Hood, in pro. per., for Petitioner.

No appearance for Respondent.

Harrington, Foxx, Dubrow & Canter and E. Ann Parrish for Real Party in Interest.

**OPINION**

**VOGEL (Miriam A.), J.**—Marcus M. Hood (a 71-year-old lawyer appearing in propria persona) sued Sears, Roebuck & Co. for damages, alleging that Sears had been "relentlessly oppressive" in its attempts to collect from Hood a "debt which did not exist." After Sears answered, Hood served on it seven special interrogatories and a few related requests for production of documents. About a week later, Sears served eight special interrogatories on Hood.[1] A dispute arose and both sides filed motions to compel further responses. The trial court, in turn, determined (sua sponte) that it was "necessary to appoint a referee to hear and determine any and all discovery motions and disputes" in this action, and directed the parties to each pay one-half of the referee's fees. (Code Civ. Proc., §§ 639, 645.1.)[2] Hood objected, contending a referee was *not* necessary and that, in any event, it would create a financial hardship for him. The trial court confirmed the reference but directed the referee to hold a hearing to determine Hood's ability to pay his share of the fees, and ordered Hood "to provide the referee with documentation of his income, whether from his practice of law or

---

[1]We have obtained the superior court file and have reviewed both sets of interrogatories and Hood's demands for production. They are all quite ordinary. For example, Hood asked for information about the employees at Sears who had handled the various letters he had written about Sears's demands for payment. Sears, in turn, asked about Hood's purchases and his charge account, and about Hood's contentions. Hood asked for copies of the documents in his credit file. Hood and the attorney representing Sears dutifully exchanged letters about their discovery requests. Although the motions are more than a few pages each, they are well-organized and tabbed, and their length is attributable to the parties' compliance with the rules (e.g., they have provided separate statements of disputed interrogatories and answers, and evidence of their efforts to meet and confer), not to long-winded arguments.

[2]All section references are to the Code of Civil Procedure.

otherwise, for the years 1997 and 1998. [Hood's] own declaration is insufficient documentation, it must be backed up by tax records or other documents." Hood then filed a petition in which he asked us to direct the trial court to vacate its reference order. We issued an order to show cause and set the matter for hearing.[3]

## DISCUSSION

■ Hood contends the reference order cannot stand. We agree.

Notwithstanding a party's objection, subdivision (e) of section 639 authorizes the appointment of a discovery referee when the court "determines in its discretion" that such an appointment is *"necessary."* (See *Taggares* v. *Superior Court* (1998) 62 Cal.App.4th 94 [72 Cal.Rptr.2d 387]; *DeBlase* v. *Superior Court* (1996) 41 Cal.App.4th 1279 [49 Cal.Rptr.2d 229]; *McDonald* v. *Superior Court* (1994) 22 Cal.App.4th 364 [27 Cal.Rptr.2d 310]; *Solorzano* v. *Superior Court* (1993) 18 Cal.App.4th 603 [22 Cal.Rptr.2d 401].) Implicit in the statutory requirement that the reference be "necessary" is the Legislature's acknowledgment of a litigant's right of access to the courts without the payment of a user's fee, and the concomitant notion that there ought to be a finding of something out of the ordinary before the services of a referee are forced upon a nonconsenting party. There was no such finding in this case, only a bare conclusion parroting the words of the statute. ■ ■ ■ That is not enough, particularly where, as here, it appears that any judge could resolve this discovery "dispute" in about five minutes.[4]

■ Moreover, there is no authority for the court's unexplained refusal to accept Hood's declaration as proof of his inability to pay a referee's fees. For reasons not stated, the court found that Hood's declaration was "insufficient documentation" and that he would have to produce his tax records or other documents. As the trial court must know, tax returns are privileged (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1 [123 Cal.Rptr. 283, 538 P.2d 739]), as are related tax documents (*Brown* v. *Superior Court*

---

[3]Sears did not file a return (although it did submit a letter in response to our initial request for opposition).

[4]Moreover, the order made in this case purports to refer "any and all" future discovery disputes to the appointed referee. Whatever merit there may be to the notion of a reference of all discovery disputes in a complex case with a history of nasty nit-picking and name-calling, there is nothing about this case to justify its placement in that category. It is one thing to refer out a particularly complex discovery dispute that appears to involve an extraordinary expenditure of judicial time. It is quite another to refer out all discovery, however simplistic, in a routine tort action such as this—where there appears to be no legitimate reason for the court to refuse to hear and decide run-of-the-mill discovery motions. It is also inappropriate to abdicate to the referee the decisions about financial hardship or about the manner in which fees are to be allocated. (*McDonald* v. *Superior Court, supra,* 22 Cal.App.4th at p. 370.)

(1977) 71 Cal.App.3d 141 [139 Cal.Rptr. 327]). In any event, we see no reason for the trial court to refuse to accept a lawyer's unsworn representation of financial hardship, and no reason for the court to reject a litigant's sworn declaration—unless there is something to make the court question the accuracy of counsel's representations or the litigant's declaration. (*DeBlase* v. *Superior Court, supra,* 41 Cal.App.4th at pp. 1283-1284; *McDonald* v. *Superior Court, supra,* 22 Cal.App.4th at p. 370.) Here, Hood is a lawyer representing himself. He is 71 years old. He submitted under seal a sworn statement of his income and expenses. He said that an order obligating him to pay the referee's fees would be a hardship. If the court had some reason to suspect those statements were inaccurate, that reason was not stated and does not appear in the record presented to us. (*Taggares* v. *Superior Court, supra,* 62 Cal.App.4th at p. 101 [the court must consider the effect of a reference on a party of "modest means" as well as a party who is truly indigent].)

Absent extenuating circumstances that do not exist here, a declaration concerning the party's financial hardship should be considered sufficient, and no more can be required. To conclude otherwise in this case would be silly—in the time it takes to determine the legitimacy of the claimed inability to pay, the court could have determined the discovery disputes—and still had time left over.

## DISPOSITION

Let a peremptory writ issue commanding the trial court to vacate its reference orders and to place the discovery disputes back on calendar for decision by the trial court. Hood is to pay his own costs of this writ proceeding.

Ortega, Acting P. J., and Masterson, J., concurred.