[Civ. No. 16714.   First Dist., Div. Two.   Apr. 17, 1956.]

THE MOST WORSHIPFUL SONS OF LIGHT GRAND LODGE, etc., et al., Appellants, v. SONS OF LIGHT LODGE NUMBER 9 et al., Respondents; JOSEPH P. MOUILLE, Real Party in Interest.

Marvin E. Lewis for Appellants.

No appearance for Respondents.

Appel, Liebermann & Leonard and Alexis J. Perillat for Real Party in Interest.

DOOLING, J.—Plaintiffs appeal from an order of the superior court that a fee of $800 for his services as referee be paid to Joseph P. Mouille by plaintiffs.  The parties have been engaged in protracted litigation which is not yet con-

cluded. The referee was appointed on May 3, 1950, on the motion of appellants. His report was presented to the court on October 2, 1951. Thereafter a judgment was entered against appellants herein, including an item for costs which is said to have included $800 as a fee for the referee. This judgment was reversed. (*Most Worshipful Sons etc. Lodge* v. *Sons of Light Lodge,* 118 Cal.App.2d 78 [257 P.2d 464].)

Thereafter on August 27, 1953, Mouille filed his petition for an order fixing his fee as referee at $800 and asking for the payment of the fee so fixed. On the hearing of this petition counsel for plaintiffs made the following statement to the court: "There is no question about the reasonableness of his fee, it is just a question if we should pay for it; that is all."

The court fixed the fee at $800 and ordered plaintiffs to pay it. On appeal appellants state three questions which we quote verbatim from their brief:

"1. Court had no jurisdiction to order the payment of costs which were part of a judgment that had been reversed. 2. Fees of referee should not have been over fifteen dollars. 3. The referee was not a party to the above entitled action and had no right to appear before the court in the said action."

We take up these points in the inverse order.

3. It is appellant's position that the referee had no standing to petition the court to fix his fee and order it paid. The referee's services were completed with the filing of his report on October 2, 1951. He waited almost two years and, not having been paid for his services, filed his petition. We cannot agree with appellants that the referee must await indefinitely the action of the court or the parties in the matter of the fixing and payment of his fee. He has a personal right to payment for his services as an officer of the court which he is legally entitled to assert in the manner in which he did.

2. Appellants, in view of their statement to the court: "There is no question about the reasonableness of his fee," cannot now claim that the fee is unreasonable. The referee was prepared to testify to the nature and extent of his services when appellants' counsel interjected the quoted concession. They cannot blow hot in the trial court and blow cold on the appeal. (*Harris* v. *Board of Education,* 72 Cal.App.2d 43 [163 P.2d 883].)

1. Appellants argue that since the referee's fee was taxed against them as costs in the judgment which was reversed "(t)he Court was in effect reaffirming its previously re-

versed judgment." Not so. The court has power to order the referee's fees paid initially by the party who sought the reference and if appellants are ultimately successful they may include this sum in their costs against the losing party. (*Rauer* v. *Hatfield*, 295 F. 48.) The fact that the original judgment was reversed does not deprive the court of power to order the payment of the referee's fees. (*Associated Almond Growers* v. *Wymond*, 69 F.2d 912.) It would be intolerable if, as in this protracted litigation, the referee must await years (it is now over four years since the referee rendered his report and the litigation is still undetermined) for payment for his services.

Order affirmed.

Nourse, P. J., and Kaufman, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 6, 1956.