[No. F052704. Fifth Dist. Aug. 20, 2008.]

CARR BUSINESS ENTERPRISES, INC., Plaintiff and Respondent, v. CITY OF CHOWCHILLA, Defendant and Appellant.

**COUNSEL**

Hargrove & Costanzo, Costanzo & Associates and Neal E. Costanzo for Defendant and Appellant.

Charles L. Doerksen for Plaintiff and Respondent.

**OPINION**

**WISEMAN, J.**—We hold that a stipulated judicial reference agreement made pursuant to Code of Civil Procedure section 638, which includes a provision to split the referee's fees equally between the parties, is enforceable and precludes recovery of the prevailing party's 50 percent share of the referee's fees as an item of costs.

### *PROCEDURAL AND FACTUAL HISTORIES*

This appeal comes after remand in litigation arising out of a contractual dispute between appellant City of Chowchilla (Chowchilla) and respondent Carr Business Enterprises, Inc. (Carr). In December 1999, the parties stipulated that the case would be submitted to a referee pursuant to Code of Civil Procedure[1] section 638. The referee was asked to "try all of the issues of fact and law" raised by the pleadings. The stipulation also provided that "compensation for the referee shall be paid 50% by [Chowchilla] and 50% by [Carr]." After a lengthy trial, the referee issued a detailed statement of decision largely finding in favor of Carr. Chowchilla moved for a new trial, which was granted. The order granting new trial was reversed on appeal and remanded for further proceedings on a question relating to damages.

---

[1] All further references are to the Code of Civil Procedure unless otherwise noted.

At the conclusion of these proceedings, Carr filed its timely memorandum of costs. One of the items sought as costs by Carr was one-half of the fees charged by the "court-ordered Referee," an amount equal to $44,562.50. Chowchilla filed a motion to tax costs, objecting to the recovery of the referee's fees as costs. The trial court denied the motion, impliedly agreeing that the referee's fees were recoverable under the discretionary authority granted by section 1033.5, subdivision (a)(13). Chowchilla appealed.

## DISCUSSION

Chowchilla claims the trial court erred in allowing Carr's recovery of the referee's fees as costs. We agree.

■ Section 638 provides that "[a] referee may be appointed upon the agreement of the parties . . . ." The stipulation to send the matter to a referee in this case was a general reference, allowable only upon the consent of the parties and one permitted and governed by section 638. (*Ellsworth v. Ellsworth* (1954) 42 Cal.2d 719, 722 [269 P.2d 3] [general reference, which is trial before referee on all issues of fact or law, only occurs with consent of parties].) The dispute over who pays the referee's fees in this case must be resolved by looking at the language of the stipulation and enforcing the objective intent of the parties as expressed in their agreement. (*Greenbriar Homes Communities, Inc. v. Superior Court* (2004) 117 Cal.App.4th 337, 348 [11 Cal.Rptr.3d 371], quoting *Certain Underwriters at Lloyd's of London v. Superior Court* (2001) 24 Cal.4th 945, 968 [103 Cal.Rptr.2d 672, 16 P.3d 94] [courts are not to rewrite any provision of a contract].)

■ A judicially ordered reference to alternative dispute resolution pursuant to section 638 is a matter of contract between the parties. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 788 [79 Cal.Rptr.2d 273]; see also *Greenbriar Homes Communities, Inc. v. Superior Court, supra*, 117 Cal.App.4th at p. 348 [referee's fees to be paid as agreed by parties and not by rule to contrary].) The Legislature acknowledged the contractual nature of a reference under section 638 when it drafted section 645.1, which reads:

"(a) When a referee is appointed pursuant to Section 638, the referee's fees shall be paid as agreed by the parties. If the parties do not agree on the payment of fees and request the matter to be resolved by the court, the court may order the parties to pay the referee's fees as set forth in subdivision (b).

"(b) When a referee is appointed pursuant to Section 639, at any time after a determination of ability to pay is made as specified in paragraph (6) of

subdivision (d) of Section 639, the court may order the parties to pay the fees of referees who are not employees or officers of the court at the time of appointment, as fixed pursuant to Section 1023, in any manner determined by the court to be fair and reasonable, including an apportionment of the fees among the parties. For purposes of this section, the term 'parties' does not include parties' counsel." (§ 645.1.)

 Section 645.1 provides that the parties' agreement regarding reference under section 638 *controls,* unless the parties have failed to address payment of fees in their agreement. If there is no agreement, the court may apportion the fees "in any manner determined by the court to be fair and reasonable . . . ." (§ 645.1; see also *Trend Homes, Inc. v. Superior Court* (2005) 131 Cal.App.4th 950, 961–962 [32 Cal.Rptr.3d 411] (*Trend*).) There is no authority for the trial court to determine fee apportionment in the face of an explicit agreement concerning fees. The statute does not suggest that a referee's fees are to be awarded as costs to the prevailing party. If this were the case, there would be no reason for section 645.1; the absence of an agreement in a section 638 referral would almost always result in the fees being recoverable as a cost item pursuant to section 1032. (See *Webster v. Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596] [interpretation rendering related provisions to be of no importance must be avoided].)

We recognize that there is case authority stating generally that referee's fees are recoverable as costs. (See *DeBlase v. Superior Court* (1996) 41 Cal.App.4th 1279, 1285 [49 Cal.Rptr.2d 229]; *Most Worshipful Lodge v. Sons etc. Lodge* (1956) 140 Cal.App.2d 833, 835 [295 P.2d 912]; *Trend, supra,* 131 Cal.App.4th at pp. 961–962, citing *DeBlase* & *Most Worshipful Lodge*; *Winston Square Homeowner's Assn. v. Centex West, Inc.* (1989) 213 Cal.App.3d 282, 293 [261 Cal.Rptr. 605].) However, these cases do so without analysis of the distinction between sections 638 and 639.

*DeBlase* involved referral of a discovery motion to a private referee over the party's objection. It was authorized under section 639, not section 638, and there was no agreement regarding the payment of fees. In *Most Worshipful Lodge*, the referral was ordered on the motion of the appellants, not by agreement of the parties. Again, there was no evidence of any agreement to apportion the fees between the parties. *Trend* involves a referral pursuant to section 638, but, although the parties agreed to a referral, there was no agreement about how fees would be apportioned. Therefore, as the court stated, "if the parties cannot . . . agree on how to apportion the fees, they may request the court to resolve the matter." (*Trend, supra,* 131 Cal.App.4th at p. 962.) In *Winston Square*, the court appointed a special master opposed by

one of the parties without any agreement on who would bear the costs. The special master charged the resisting party and the court allowed the resisting party to recover the fees paid as an item of costs. Again, the case does not involve the interpretation of a written agreement between the parties to have the matter tried by a referee and to apportion the fees incurred. In contrast, the parties before us agreed to referral pursuant to section 638 and agreed to split the referee's fees between them.

■ We are also not persuaded by Carr's contention that section 645.1 is limited in application to the practical aspects of paying the referee. We see nothing in the statute that suggests this limited application. Further, there is nothing in the parties' agreement indicating the parties intended this limited application. The agreement of the parties here is unambiguous: Each side is to pay 50 percent of the fee charged by the referee. When the language of a document is unambiguous, we are not free to restructure the agreement. (Civ. Code, § 1639 ["[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . ."]; Civ. Code, § 1638 ["language of a contract is to govern its interpretation . . ."].) If the courts were to do so, parties would be reluctant to consent to judicial reference or other alternative dispute resolution mechanisms. ■ To the contrary, there has been a legislative policy determination that judicial reference agreements should be enforced as written. (See *Greenbriar Homes Communities, Inc. v. Superior Court, supra,* 117 Cal.App.4th at p. 348; see also *Lawrence v. Walzer & Gabrielson* (1989) 207 Cal.App.3d 1501, 1505 [256 Cal.Rptr. 6] [public policy favors consensual alternatives to settlement of disputes through judicial process].) If the parties had wanted to allow recovery of the apportioned fee of the prevailing party as an item of cost, they were free to spell this out in their agreement. They did not do so. We will not permit Carr to circumvent its agreement to pay half the cost of the referee by adding its half of the referee's fees to its cost bill, especially since nothing in the agreement supports a conclusion that this provision requires that Carr only "front" one-half of the referee's fees.

■ The right to recover costs is defined by statute. In the absence of an authorizing statute, each party must bear its own costs of litigation. (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439 [71 Cal.Rptr.2d 452, 950 P.2d 567].) We hold that the court abused its discretion in awarding the apportioned referee's fees as a cost item. ■ Section 1033.5, subdivision (a)(13), does not authorize the trial court to ignore a valid contractual agreement. Carr agreed to pay 50 percent of the referee's fees and is bound to do so.

## *DISPOSITION*

The order of the court denying Chowchilla's motion to tax costs is reversed. This matter is remanded for the trial court to vacate the order and instead grant the order deducting the referee's fees from the costs awarded. Costs on appeal are awarded to Chowchilla.

Vartabedian, Acting P. J., and Gomes, J., concurred.