Filed 4/14/20 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHAD ANTHONY,<br><br>    Plaintiff and<br>    Appellant,<br><br>v.<br><br>XIAOBIN LI,<br><br>    Defendant and<br>    Respondent. | A156640<br><br>(San Francisco County<br>Super. Ct. No. CGC-16-551957)<br><br>ORDER MODIFYING OPINION;<br>CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on April 13, 2020, be modified as follows: On page 12, under the heading DISPOSITION, delete the second and final sentence: "Plaintiff is awarded costs on appeal." That sentence is to be replaced with the following sentence: "Defendant is awarded costs on appeal."

This modification changes the judgment.

Dated:    04/14/2020            Fujisaki, J.        Acting P.J.

1

Trial Court:        San Francisco County Superior Court

Trial Judge:        Hon. Leslie C. Nichols

Counsel:        Pacific Legal Group, Douglas A. Applegate for Plaintiff and Appellant.

Matheny Sears Linkert & Jaime, Douglas A. Sears, Nicholas R. Shepard and Jeffrey E. Levine for Defendant and Respondent.

Filed 4/13/20 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHAD ANTHONY,<br><br>     Plaintiff and<br>     Appellant,<br>v.<br>XIAOBIN LI,<br><br>     Defendant and<br>     Respondent. | A156640<br><br>(San Francisco County<br>Super. Ct. No. CGC-16-551957) |

Plaintiff and appellant Chad Anthony (Anthony) filed a personal injury lawsuit against defendant and respondent Xiaobin Li (Li). Anthony prevailed at trial and sought to recover costs under Code of Civil Procedure sections 998 and 1032 and Li moved to tax (or strike) costs.[1] The court granted the motion, in part, denying reimbursement for expert witnesses, mediation, and court reporter fees. We see no merit to Anthony's challenge to the court's ruling and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, Anthony filed a lawsuit seeking to recover damages for personal injuries sustained in a 2014 car accident between him and Li in San Francisco. At the time of the accident, Li resided out of the United States

---

[1] All further unspecified statutory references are to the Code of Civil Procedure.

and was driving a vehicle rented from PV Holding Corporation (PV Holding), doing business as Avis Rent-A-Car. He purchased a $1 million liability insurance policy from PV Holding, which was self-insured for its own liability. The complaint alleged causes of actions for "motor vehicle" and "general negligence" and named as defendants Li (driver of vehicle) and PV Holding (owner and entruster of vehicle).

Anthony served the summons and complaint on PV Holding as a named defendant, and separately served the pleadings on Li as a named defendant by service on PV Holding under Civil Code former section 1936 [now and hereinafter referred to as "section 1939.33" [2]]. Li and PV Holding, represented by the same counsel, filed separate answers and separate discovery responses.

---

[2] Civil Code section 1939.33 provides, in pertinent part: "(a) When a rental company enters into a rental agreement in the state for the rental of a vehicle to any renter who is not a resident of this country and, as part of, or associated with, the rental agreement, the renter purchases liability insurance, . . ., from the rental company in its capacity as a rental vehicle agent for an authorized insurer, the rental company shall be authorized to accept, and if served . . ., shall accept, service of a summons and complaint and any other required documents against the foreign renter for any accident or collision resulting from the operation of the rental vehicle within the state during the rental period. . . . (b) Within 30 days of acceptance of service of process, the rental company shall provide a copy of the summons and complaint and any other required documents . . . to the foreign renter by first-class mail, return receipt requested. (c) Any plaintiff, . . ., who elects to serve the foreign renter by delivering a copy of the summons and complaint and any other required documents to the rental company pursuant to subdivision (a) shall agree to limit his or her recovery against the foreign renter and the rental company to the limits of the protection extended by the liability insurance. (d) . . . . (e) Notwithstanding any other law, the requirement that the rental company accept service of process pursuant to subdivision (a) shall not create any duty, obligation, or agency relationship other than that provided in subdivision (a)."

2

In December 2017, the parties agreed to participate in voluntary private mediation pursuant to a JAMS standard form agreement. The agreement provided, in pertinent part, that the parties "agree to divide the professional fees and additional fees as follows: 50% [named counsel](Chad Anthony); 50 % [named counsel] (Xiaobin Li, et al.); and as set forth in the neutral's Fee Schedule." Each party further agreed "to pay its share of the estimated fees and expenses to be received by JAMS at least 14 calendar days prior to the session." The parties paid the requested fees, and participated in mediation that ultimately was not successful. Four months later, in April 2018, Anthony filed a voluntary dismissal in favor of PV Holding.

In June 2018, Anthony served a section 998 offer, seeking to compromise the action subject to the following terms and conditions: "Pursuant to Code of Civil Procedure [s]ection 998, Plaintiff, CHAD ANTHONY, hereby offers to allow judgment to be taken against Defendants, XIAOBIN LI, PV HOLDING CORPORATION, and in favor of Plaintiff, CHAD ANTHONY, in the sum of five hundred thousand dollars and no cents ($500,000.00), each side to bear its own fees and costs." The attached "[NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE]," read: "Comes now Defendants, XIAOBIN LI, PV HOLDING CORPORATION, by and through their attorney of record with full and specific authority in the circumstances, and ACCEPT the within OFFER TO COMPROMISE to allow judgment to be entered against Defendants XIAOBIN LI, PV HOLDING CORPORATION and in favor of Plaintiff CHAD ANTHONY in the sum of five hundred thousand dollars and no cents ($500,000.00), each side to bear its own fees and costs." Neither Li nor PV Holding accepted the offer.

3

In July 2018, Li alone made a section 998 offer to settle all claims against him for $175,001.00, in exchange for (1) "a dismissal with prejudice of plaintiff's complaint against defendant;" (2) Anthony's execution and acceptance of the terms stated in an attached document releasing all claims for damages sought or could be sought by Anthony as a result of the incident described in the complaint, and (3) each party bearing their own attorney fees and costs. The attached release sought to release Li and unspecified agents, employees, insurers, and corporate entities. Anthony did not accept the offer.

In September 2018, the parties jointly hired a court reporting service, US Legal Support, to record the trial proceedings. Counsel signed a memorandum of understanding prepared by US Legal Support, which provided that the "parties . . . agree to share equally the fees for court reporting services rendered in the matter referred above [Anthony v. Li]. Services for this matter will be charged at the rates attached. Each party will be invoiced an equal share of the per diem fee and charges associated with the original transcript." Anthony was billed and paid his share of court reporter fees.

In October 2018, following a ten-day trial, a jury returned a verdict finding Li negligent and awarding Anthony damages of $650,235.00. Following entry of judgment, Anthony served a memorandum of costs for $83,048.06, seeking in pertinent part: $62,082.50 for section 998 post-offer expert witness fees; $2,650 for mediation fees, and $6,561.62 for court reporter fees. Li filed a motion to tax (or strike) costs, which was opposed by Anthony. The parties waived oral argument.

The court granted the costs motion, in part, taxing expert witness, mediation, and court reporter fees. The court taxed expert witness fees because Anthony's section 998 offer "was joint and not apportioned. The offer

4

was made on June 5, 2018 and was directed to two defendants, one of which had been dismissed on April 12, 2018. The offer was ambiguous and not effective to burden defendant Li with the fees of [Anthony's] expert witnesses." The court taxed mediation and court reporter fees because "[t]he papers show that the counsel agreed to split the fees equally, and it is undisputed that each party paid half of the fees incurred. The parties did not reserve the right to seek relief from that agreement or to seek prevailing party fees notwithstanding that agreement. The parties are bound by their agreement."

Anthony's timely appeal ensued.

## DISCUSSION

### I. The Expert Witness Fees were Properly Taxed as the Section 998 Offer was Invalid

Reviewing the validity of the section 998 offer de novo (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 797-798), we find Anthony did not make a valid section 998 offer since it was conditioned on acceptance by multiple defendants and was directed at a party that had already been dismissed with prejudice from the action. Therefore, the trial court correctly taxed expert witness fees.

#### A. General Guidelines Regarding Section 998 Offers

Section 998 provides that "any party may serve an offer in writing upon any other party to the action to allow judgment to be taken . . . in accordance with the terms and conditions stated at the time. The written offer shall include a statement of the offer, containing the terms and conditions of the judgment . . ., and a provision that allows an accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted. Any acceptance of the offer . . . shall be in writing and signed by counsel for the

5

accepting party, or if not represented by counsel, by the accepting party." (*Id.*, subd. (b).) "If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment . . ., the court . . . in its discretion may require the defendant to pay a reasonable sum to cover post offer costs of the services of expert witnesses . . . in addition to plaintiff's costs." (*Id.*, subd. (d).)

Section 998 offers must be "clear and specific. First, from the perspective of the offeree, the offer must be sufficiently specific to permit the recipient meaningfully to evaluate it and make a reasoned decision whether to accept it, or reject it and bear the risk he may have to shoulder his opponent's litigation costs and expenses. [Citation.]" (*Berg v. Darden* (2004) 120 Cal.App.4th 721, 727 (*Berg*).) Second, "section 998 offers must be written with sufficient specificity because the trial court lacks authority to adjudicate the terms of a purported settlement. 'Section 998 was designed to encourage settlement of disputes through a straightforward and expedited procedure.' [Citation.] Once the offer is accepted, the clerk or court performs the purely ministerial task of entering judgment according to the terms of the parties' agreement. (§ 998, subd. (b)(1) ['If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly.'].)" (*Berg, supra*, at p. 727.) Consequently, "[t]he party extending the statutory offer of compromise bears the burden of assuring the offer is drafted with sufficient precision to satisfy the requirements of section 998 [Citations.] To that end, a section 998 offer is construed strictly in favor of the party sought to be subjected to its operation. [Citations.]" (*Berg, supra,* at p. 727.*)*

**B. The Offer May Not Require Acceptance by Multiple Parties**

As a general rule, " 'a section 998 offer made to multiple [defendants] is valid only if it is expressly apportioned among them *and* not conditioned on acceptance by all of them.' " (*Burch v. Children's Hospital of Orange County Thrift Stores, Inc.* (2003) 109 Cal.App.4th 537, 544 (*Burch*); see *Peterson v. John Crane, Inc.* (2007) 154 Cal.App.4th 498, 513 ["we will leave intact the bright-line rule that a separate offer (or an apportioned and unconditional joint offer) should be extended to each *party*"].)  There are exceptions to the rule barring the making of an unapportioned offer to multiple defendants, for example "where  . . . there is . . . a single injury, and where as joint tortfeasors they would be jointly and severally liable, an unapportioned section 998 settlement offer made to both is valid." (*Steinfeld v. Foote-Goldman Proctologic Medical Group, Inc.* (1996) 50 Cal.App.4th 1542, 1550.)  However, "[e]ven if a section 998 . . . offer is allocated among individual defendants," or an unallocated joint offer is made to defendants jointly and severally liable, the offer is still not valid if it is "conditioned on acceptance by all defendants." (*Wickware v. Tanner* (1997) 53 Cal.App.4th 570, 576 (*Wickware*).)

Anthony's section 998 offer "is a single document" directed at "defendants" Li and PV Holding; "it offers to take judgment" in a lump sum of $500,000.00 "only against" both Li and PV Holding, "and not against one" or the other, and it requires both Li and PV Holding "and not any one defendant in the singular, [to] accept the offer." (*Wickware, supra*, 53 Cal.App.4th at p. 577.)  Hence, Anthony's offer was invalid as a matter of law because it was conditioned on acceptance by both defendants.  (*Wickware, supra*, at p. 577 [rejecting an argument that a section 998 offer to compromise is

unconditional unless it specifically provides that all offerees must accept the offer].)

## C. The Offer May Not be Directed at a Dismissed Party

Because PV Holding had been dismissed with prejudice, it had "the effect of an absolute withdrawal" of Anthony's claim against PV Holding and left PV Holding as though it "had never been a party," rendering the court " 'without jurisdiction to act further [against PV Holding] . . . , and any subsequent orders of the court' " would be " 'simply void' " as against PV Holding. (*Paniagua v. Orange County Fire Authority* (2007) 149 Cal.App.4th 83, 89.)

Anthony could have avoided a finding of invalidity as to Li by serving a section 998 offer solely to Li (even if he had served a separate offer to PV Holding). (*Burch*, *supra*, 109 Cal.App.4th at p. 551 [as recommended by Weil and Brown, California Practice Guide: Civil Procedure Before Trial, " '[a]void the uncertainty' "; " '[s]erve separate demands on *each* defendant' "].) Instead, and without explanation, Anthony choose to direct his one section 998 offer to both Li and PV Holding; an offer that required entry of judgment against both defendants and acceptance of the offer by both defendants.

On appeal, Anthony contends that, post dismissal of PV Holding, Li and PV Holding remained "one and the same" for the purposes of a section 998 offer because he included PV Holding as an insurer. However, there is nothing in the offer from which defendants could or would reasonably conclude Anthony was seeking entry of judgment against PV Holding as the insurer responsible for any judgment entered against Li.

Anthony also argues that although PV Holding was no longer an independently liable party, "*as the insurer* . . . [it] was still a party to whom a

8

settlement offer was properly tendered" (italics added).[3] Anthony acknowledges a section 998 offer could not be directed at a party's insurer at the time he made it. (See, e.g., *Najera v. Huerta* (2011) 191 Cal.App.4th 872, 879; *Arno v. Helinet Corp.* (2005) 130 Cal.App.4th 1019, 1025-1026.) However, he argues that it was proper because, shortly before the trial court's ruling in this case, the law changed to permit a section 998 offer to an insurer pursuant to *Meleski v. Estate of Albert Hotlen* (2018) 29 Cal.App.5th 616 (*Meleski*). Even assuming *Meleski* allows a party to direct a section 998 offer to an insurer under the circumstances here, an issue we need not address, the case does not assist Anthony as his section 998 offer in no way advised defendants that the offer was directed at PV Holding as the insurer responsible for any judgment entered against Li. Hence, it was invalid.

Finally, Anthony complains Li was not a proper party to whom to direct a section 998 offer because Li was named as a defendant solely to reach insurance as allowed under Civil Code section 1939.33, and Li was not participating in the action which was being litigated by PV Holding, as the "real party" insurer. Anthony thus contends that "[a]ddressing the settlement offer solely to a non-participating foreign national who did not even know about the lawsuit, and against whom [Anthony] was not allowed to collect since he had agreed to limit his recovery to insurance, was . . . an inadequate approach."

---

[3] Anthony asserts in his opening brief that PV Holding "was still vicariously responsible" under Civil Code section 1939.33 for Li's negligent driving. However, in his reply brief, Anthony concedes the statutory duties of PV Holding, in its capacity as a rental company, "were indeed limited to acting as a service agent."

We disagree. Li was a proper party defendant to whom Anthony could direct a section 998 offer. Had the section 998 offer been directed solely to Li, and rejected, any judgment entered against Li after trial, which exceeded the offer, would have permitted Anthony to seek a discretionary award of expert witness fees. The fact that Anthony would then have to bring a second direct action against PV Holding, as the insurer, to recover any judgment and statutory cost award entered against Li (Ins. Code, § 11580, subd. (b)(2)), did not make a section 998 offer solely to Li "an inadequate approach." To accept Anthony's argument that his section 998 offer should be deemed valid based on the happenstance that the action was being litigated by an insurer would add uncertainty to the use of section 998 offers. "It is in the best interests of the parties and the court that section 998 offers be as clear, straightforward and thorough as possible . . . [t]o advance the important purposes of clarity of understanding and ministerial ease discussed above. . . ." (*Berg*, *supra*, 120 Cal.App.4th at p. 728.)

We therefore conclude the trial court did not err and we affirm the order taxing expert witness fees as an item of costs.

## II. Mediation and Court Reporter Fees

Anthony argues the trial court erred in taxing mediation and court reporter fees because the court improperly read into the parties' agreements to share costs a "provision waiving the right to claim court reporter or mediation fees as items of costs" by a prevailing party. Because the parties' agreements did not address whether shared fees could be later claimed as items of costs by a prevailing party, Anthony asserts the proper treatment of shared litigation expenses "is one to be decided by resort to public policy, the goal of the statutory cost-recovery provisions and the reasonable expectations of the parties." We find Anthony's arguments unavailing.

10

"In the absence of an authorizing statute, each party must bear its own costs of litigation. [Citation.]" (*Carr Business Enterprises, Inc. v. City of Chowchilla* (2008) 166 Cal.App.4th 25, 30 (*Carr Business Enterprises*).) Section 1032 gives a "prevailing party" the right to recover the costs of litigation. Section 1033.5 allows for the recovery of specific costs, including court reporters (subd. (a)(11)) and mediation fees (subd. (c)(4)). However, where, as in this case, the parties agree to share costs during litigation, the courts will enforce those agreements as written under the principles that "[w]hen the language of a document is unambiguous, we are not free to restructure the agreement," and "if the parties [] wanted to allow recovery of the apportioned fee by the prevailing party as an item of cost, they were free to spell this out in their agreement," but such a provision will not be read into the agreement. (*Carr Business Enterprises*, *supra*, at p. 30 [prevailing party not entitled to recover referee fees as an item of costs because parties' agreement was "unambiguous: Each side is to pay 50 percent of the fee charged by the referee;" court would not read unambiguous agreement to share referee's costs as an agreement that the prevailing party would only " 'front' one-half of the referee's costs"]; see *Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 539-540 [prevailing parties not entitled to recover JAMS private judge fees as an item of costs because parties agreed that one half of the fees would be borne by the parties; parties' agreement to share the costs "does *not* say that the fees will be advanced equally, but that the fees will be 'divide[d]' and 'borne' equally;" "the plain meaning of the parties' agreement is inescapable: the parties agreed to split the cost of the JAMS judge equally"].) Anthony's reliance on *Quiles v. Parent* (2018) 28 Cal.App.5th 1000 is misplaced as it is factually inapposite and does not warrant a different result. (*Id*. at p. 1012 [court

11

found *Carr Business Enterprises* inapplicable because one party had failed to participate in mediation].)

Finally, we are not persuaded by Anthony's argument that upholding the trial court's ruling will have "far ranging consequences." Anthony contends "the cost of pre-trial depositions are almost always split in some fashion by the parties attending the deposition," and yet those costs "are expressly recoverable as necessary litigation costs and are routinely awarded, as they were here," and by applying the " 'no sharing' rule to court reporter costs and mediation expenses, but not to depositions, the trial court not only erred but was inconsistent as well." In so arguing, Anthony relies on *Charton v. Harkey* (2016) 247 Cal.App.4th 730, a case focused on the apportionment of costs between jointly represented prevailing parties that does not apply to the case before us. Here, we see no inconsistency in the court's taxing mediation and court report fees, but allowing recovery of deposition fees. There is no evidence the parties agreed to share deposition fees in any fashion, and Li did not seek to tax deposition costs.

Because the parties agreed to share mediation and court reporter fees equally, without providing for the later recovery of those shared fees by a prevailing party, we see no error or abuse of discretion in the trial court's taxing those fees as items of costs.

## DISPOSITION

The December 14, 2018 order is affirmed. Plaintiff is awarded costs on appeal.

12

_____
Petrou, J.


WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.


*A156640/Anthony v. Li*

13

Trial Court:        San Francisco County Superior Court

Trial Judge:        Hon. Leslie C. Nichols

Counsel:            Pacific Legal Group, Douglas A. Applegate, for Plaintiff and
                    Appellant.

                    Matheny Sears Linkert & Jaime, Douglas A. Sears, for
                    Defendant and Respondent.